UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.

JOHN F. KENNEDY and
DANIEL S. VICKERS,

   Defendants.

Case No. 21-20650
Honorable Laurie J. Michelson

---

**OPINION AND ORDER ON DEFENDANTS' MOTIONS TO VACATE CONVICTIONS AND SENTENCES UNDER 28 U.S.C. § 2255 [67, 72]**

---

John Kennedy and Daniel Vickers, former members of the Detroit Police Department, pled guilty to conspiracy to accept bribes in violation of 18 U.S.C. § 666(a)(1)(B). They have served their prison sentences and are currently on supervised release. Recently, the United States Supreme Court ruled that § 666(a)(1)(B) criminalizes only bribes and not gratuities. *Snyder v. United States*, 603 U.S. 1 (2024). Kennedy and Vickers believe this ruling renders them "factually innocent" such that their convictions and sentences should be vacated on collateral review. The Court disagrees. Thus, the Defendants' motions to vacate are DENIED.

**I.**

In August 2016, DPD Lieutenant John Kennedy became a supervisor in command of the Internal Affairs Division. (Presentence Report, ¶ 11.) From May 2017 through March 2018, Kennedy supervised the Integrity Unit's investigation of alleged wrongdoings by "Tower A," an individual involved in the towing industry in the City

of Detroit. (*Id.*, ¶ 12.) Following an indictment on bribery charges (ECF No. 1), Kennedy, and fellow DPD officer Daniel Vickers, ultimately admitted that they conspired to solicit things of value from Tower A in exchange for information related to the Internal Affairs investigation. (Presentence Report, ¶ 16; *see also* ECF No. 32, PageID.99; ECF No. 35, PageID.122.)

More specifically, Kennedy and Vickers each pled guilty to one count of conspiracy to accept bribes in violation of 18 U.S.C. §§ 371 and 666(a)(1)(B). (ECF Nos. 32, 35.) Section 666(a)(1)(B) makes it a crime for most state and local officials to "corruptly" solicit, accept, or agree to accept "anything of value" "intending to be influenced or rewarded in connection with" any official business or transaction worth $5,000 or more. To satisfy these elements, Kennedy admitted to the following factual basis for his plea:

> From in or about May 2017, through in or about September 2021, [Kennedy and Vickers] did unlawfully and knowingly conspire and agree with each other to corruptly solicit and demand cash, cars, car parts, car repair services and other items from an individual involved in the towing industry (Tower A) with the intent to be influenced and rewarded in connection with a business transaction, or series of transactions of the City of Detroit involving $5,000 or more.
>
> Specifically, in August 2016, Kennedy was made a supervisor in command of the DPD's Internal Affairs Division (IA). In this role, Kennedy oversaw investigations concerning misconduct of city employees and reported his findings to the chief of police. From in or about May 2017, through in or about March 2018, IA investigated allegations of wrongdoing committed by Tower A. Kennedy supervised the investigation and promised to provide Tower A with towing referrals as well as inside information on the city's investigation of Tower A. Vickers, acting as a go-between for Kennedy and Tower A, provided information to Tower A about the status of IA's investigation of Tower A. In exchange, Tower A provided Kennedy and Vickers cash, cars, car repairs, and other items of value. Between October 2018, and March

2

> 2021, Tower A paid Kennedy three bribes totaling $14,950. Between February 2018, and June 2018, Tower A paid Vickers three bribes totaling $3,400.

(ECF No. 32, PageID.99–100.) Vickers' factual basis contained an identical first paragraph. It differed only slightly in the last few sentences of the second paragraph:

> Vickers, acting as a go-between in the bribery scheme for Tower A and Kennedy, provided Tower A with proprietary information about IA's investigation. In exchange, Tower A provided Vickers with cash and a car. Between February 2018, and June 2018, Tower A paid Vickers three bribes totaling $3,400. Between October 2018, and March 2021, Tower A paid Kennedy three bribes—the value of which totaled $14,950.

(ECF No. 35, PageID.122–123.)

On March 14, 2023, Vickers was sentenced to 27 months' imprisonment and one year of supervised release. (ECF No. 47.) One month later, on April 18, 2023, Kennedy was sentenced to 30 months' imprisonment and one year of supervised release. (ECF No. 56.) Following an amendment to the sentencing guidelines affecting offenders with zero criminal history points, Vickers' sentence was reduced to 24 months. (ECF No. 62.)

The next significant event, for purposes of the underlying motions, occurred on June 26, 2024, when the Supreme Court issued its ruling in *Snyder v. United States*, 603 U.S. 1 (2024). (*See* ECF No. 63.) In *Snyder*, the Court held that 18 U.S.C. § 666(a)(1)(B) criminalizes only the solicitation and acceptance of bribes by public officials, not the acceptance of gratuities for their past official acts. 603 U.S. at 10. "As a general matter," explained the Court, "bribes are payments made or agreed to *before* an official act in order to influence the official with respect to that future official act," while "[g]ratuities are typically payments made to an official *after* an official act

3

as a token of appreciation." *Id.* at 5. As the Court summarized, "[a] state or local official can violate § 666 when he accepts an up-front payment for a future official act or agrees to a future reward for a future official act. But a state or local official does not violate § 666 if the official has taken the official act before any reward is agreed to, much less given." *Id.* at 19 (citations omitted).

Despite admitting to accepting bribes by agreeing to payments from Tower A in exchange for official acts, Kennedy and Vickers claim that, as a result of the *Snyder* ruling, they are actually (i.e., factually) innocent and their pleas were not knowing and voluntary. They both filed motions to vacate under 28 U.S.C. § 2255. (ECF Nos. 67, 72; *see also* ECF No. 75, PageID.447 ("Kennedy has filed a motion to vacate his sentence under 28 U.S.C. § 2255 in which he claims that he is detained illegally because the crime to which he admitted guilt was a lawful gratuity and not an illegal bribe as charged under 18 U.S.C. § 666.").) Because the motions are nearly identical, the Court only requested a response from the government to one of them. (ECF No. 69.) The government opposed the motion (ECF No. 75) and the Defendants filed a joint reply (ECF No. 78).

## II.

A prisoner in custody under a sentence imposed by a federal court may move the court to vacate, set aside, or correct his sentence on certain grounds, including that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "In custody" includes being on supervised release. *See Vinod Patel v. United States*, No. 23-1306, 2023 U.S. App. LEXIS 26435, at *3 (6th

4

Cir. Oct. 4, 2023) ("[Defendant] is considered 'in custody' under § 2255(a) because he was serving his term of supervised release at the time that he filed his petition."); *Melville v. United States*, 457 F. App'x 522, 524 n.1 (6th Cir. 2012) ( "[A]n individual on supervised release is still 'in custody' under the habeas statutes.").

"To prevail under § 2255, a defendant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea" or "must show a fundamental defect in his sentencing which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999) (internal quotation marks and citation omitted). It is the defendant's burden to show his entitlement to relief. *See Potter v. United States*, 887 F.3d 785, 787–88 (6th Cir. 2018).

In evaluating a § 2255 motion, an evidentiary hearing is not required if the defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks and citation omitted). In other words, a hearing is not necessary if the motion, record of prior proceedings, and governing law "conclusively show that [defendant] is entitled to no relief." 28 U.S.C. § 2255(b); *see* Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255, Rule 4(b) (amended 2019).

Here, the parties dispute only the application of the governing law to the undisputed factual record. So there is no need for a hearing. Nor is there a basis to grant the Defendants' requested relief. Their motions are procedurally deficient for significantly overlapping reasons, which the Court will now endeavor to explain.

### III.

First, the motions are not timely. The governing statute of limitations, set forth in 28 U.S.C. § 2255(f), imposes a one-year limitation period, which begins to run "from the latest of" four events. Two are relevant here: "the date on which the judgment of conviction becomes final" under § 2255(f)(1) or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence" under § 2255(f)(4).

It is true, as the government argues, that the Defendants did not file their motions within one year of their judgments becoming final and thus, they are untimely under § 2255(f)(1). (ECF No. 75, PageID.448–449.) Indeed, Defendants concede this point in their reply brief. (ECF No. 78, PageID.458.) But Defendants rely on § 2255(f)(4), contending that the facts to support their actual innocence claim could not have been discovered until after *Snyder* was decided on June 26, 2024. And since they filed their motions within a year of this date, they believe the motions are timely. (ECF No. 67, PageID.422; ECF No. 72, PageID.441; ECF No. 78, PageID.460.)

This argument is mistaken. No new facts came to light after the *Snyder* decision, nor are the Defendants relying on any new facts. Instead, their position is that, after *Snyder*, the pre-existing facts show only the receipt of gratuities and not

6

bribes. But "§ 2255(f)(4) is directed at the discovery of new facts, not newly-discovered law." *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013). As in *Phillips*, "the heart" of Defendants' argument is really that "an equitable exception should be applied to 'bypass the statutory bar erected by the AEDPA,' because an intervening change in the law has rendered [them] actually innocent." *Id.*[1] No such exception is warranted here.

"To establish actual innocence," in both the statute of limitations and procedural default contexts, "a petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 582 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)); *accord Waucaush v. United States*, 380 F.3d 251, 254 (6th Cir. 2004). "Actual innocence means factual innocence, not mere legal insufficiency." *Phillips*, 734 F.3d at 582. Thus, the Court must look at all the evidence of guilt in the record, and determine whether, as a matter of law, the government could establish that Defendants violated the bribery statute. *Waucaush*, 380 F.3d at 254.[2]

The Court does not need to look beyond the plea agreements and the descriptions of the offense conduct in the Presentence Reports (to which there were no objections) to conclude that Kennedy and Vickers solicited bribes as opposed to simply received gratuities in appreciation for acts they had already taken. In other

---

[1] The Defendants more clearly raise an equitable tolling argument in their reply brief. (ECF No. 78, PageID.458–459.)

[2] Unfortunately, the Court did not receive any help from the government. Despite actual innocence (following *Snyder*) being the essence of Defendants' motions, the government's response did not address the issue at all. (*See* ECF No. 75.)

words, the Court rejects Defendants' contention that the factual bases in their plea agreements "consist[] of gratuities given after what was perceived by Tower A to constitute an official act." (ECF No. 67-1, PageID.425; *see* ECF No. 72, PageID.444 ("[T]his was not a bribe, but a gratuity that does not implicate 666(a)(1)(B) . . . .").) Kennedy states that "[t]he money or service[s] provided by Tower A [were] each made after Kennedy purportedly g[ave] it information via Officer Vickers about the investigation." (ECF No. 67-1, PageID.424.) But this is not a fair reading of the facts. Kennedy, Vickers, and Tower A (or the undercover federal agent) agreed to certain payments between February 2018 and March 2021 before the official acts benefitting Tower A were taken. Thus, they still fall within the bribery definition after *Snyder*. As one court aptly explained:

> [Defendant's] proposed [jury] instruction wrongly asserted that a payment received after an official act is completed is always a gratuity and can never be a bribe. As the Supreme Court recently explained in *Snyder v. United States*, a payment after an official act can violate section 666 if an official earlier agrees to the future reward and accepts payment after completion of the act. 144 S. Ct. 1947, 1959 (2024). In *Snyder*, the Supreme Court held that gratuities are not a crime under section 666. *Id.* at 1954. But the Court made clear that the key difference between a gratuity and a bribe is whether the official and the payer agreed to a payment for the official act. *See id.* If there were an agreement before the official act was complete to make a payment for that act, the payment received after the act could still be considered a bribe. *See id.*

*United States v. Macrina*, 109 F.4th 1341, 1351 (11th Cir. 2024).[3] The allegations in the indictment and the facts the Defendants admitted as part of their guilty pleas

---

[3] Vickers also focuses on an allegation in the indictment about a $1200 payment he requested from Tower A in March 2016 in exchange for referrals to Tower A's company. (ECF No. 72, PageID.443.) According to the allegation, "Tower A gave

8

involve agreements to make payments before the taking of official actions. Even if the payments were not actually made until after the actions were taken, this still constitutes bribery.

In sum, even after *Snyder*, the facts admitted to by Kennedy and Vickers support guilty pleas to bribery. Kennedy and Vickers have not established their actual innocence. Thus, their motions are barred by the AEDPA limitations period.

## IV.

Apart from the timeliness problem, Kennedy and Vickers expressly waived their right to challenge their convictions or sentences "on any grounds under 28 U.S.C. § 2255" except for a properly raised claim of ineffective assistance of counsel or prosecutorial misconduct. (ECF No. 32, PageID.108–109; ECF No. 35, PageID.131–132.) They have raised neither.

Defendants may waive any right, constitutional or statutory, through a plea agreement. *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). "It follows that a defendant may waive his right to bring future postconviction challenges, which are not constitutionally required, so long as the waiver is knowing and voluntary. *Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)).

---

the cash to Vickers but decline[d] Vickers' offer of tow referrals. Vickers never repaid Tower A the $1,200." (*Id.*) As even Vickers recognizes, however, this 2016 incident is not part of the factual basis of his plea agreement. Instead, the factual basis consists of 2018 payments for which there was a pre-existing agreement to perform official acts (helping Tower A's business) in exchange for cash payments. (*See* ECF No. 1, PageID.8–10.)

9

Kennedy and Vickers seek to avoid their collateral review waivers by claiming their guilty pleas were not knowing and voluntary. They once again seek refuge in the *Snyder* ruling, claiming that they did not understand and were not told that § 666(a)(1)(B) only proscribes accepting a bribe and not a gratuity. (ECF No. 67, PageID.415; ECF No. 72, PageID.434.) And, they continue, without a valid plea, there can be no valid collateral review waiver. (ECF No. 67, PageID.415; ECF No. 72, PageID.434; ECF No. 78, PageID.462.) This argument fails legally and factually.[4]

"A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently by the defendant." *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005). Under Federal Rule of Criminal Procedure 11, the Court must ensure that "the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Id.* at 378–79. Here, the Court conducted thorough plea colloquies with both Kennedy and Vickers that were unquestionably adequate. And, as already discussed, the factual bases of their plea agreements support bribery convictions even after *Snyder*.

Just as significant, "[a] valid plea agreement . . . requires knowledge of existing rights, not clairvoyance." *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). "Absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then-applicable law does not become vulnerable because later judicial decisions indicate that the plea

---

[4] The government, again, does not engage with any of these arguments.

10

rested on a faulty premise." *Id.* (cleaned up). This is because "[a] voluntary plea agreement 'allocates risk,' and '[t]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" *Slusser v. United States*, 895 F.3d 437, 440 (6th Cir. 2018) (citations omitted). "By waiving the right to appeal," explains the Sixth Circuit, "a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse." *Id.* (citing *Bradley*, 400 F.3d at 464).

In short, "future changes in law do not vitiate collateral-challenge waivers." *Portis*, 33 F.4th at 335; *see also Slusser*, 895 F.3d at 440 (finding defendant waived his right to collaterally attack his sentence because "subsequent developments" in the law did "not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature"). Thus, there is no miscarriage of justice in enforcing the collateral review waivers in Defendants' plea agreements, which preclude their § 2255 motions.

## V.

That leaves one additional procedural deficiency: Kennedy and Vickers did not challenge the voluntariness and intelligence of their guilty pleas on direct appeal. Under the doctrine of procedural default, claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows either "cause and actual prejudice, or that he is actually innocent." *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011) (citing *Bousley*, 523 U.S. at 622). Defendants have not met this standard.

First, the appeal waivers do not provide good cause to excuse procedural default. *See United States v. Williams*, No. 16-20078, 2018 U.S. Dist. LEXIS 222705, at *10 (E.D. Mich. Nov. 13, 2018), *adopted by* 2019 U.S. Dist. LEXIS 42057.

Nor does the *Snyder* ruling. According to the Sixth Circuit, "[a] petitioner may establish cause to excuse a procedural default if his claim is so novel that its legal basis was not reasonably available during the original proceedings." *Beasley v. United States*, No. 23-5874, 2024 U.S. App. LEXIS 13375, at *5 (6th Cir. June 3, 2024) (citing *Mitchell v. United States*, 43 F.4th 608, 615 (6th Cir. 2022)). "A claim is novel where, at the time of the default, the case law necessary to conceive and argue the claim did not yet exist, that is, the movant must have had no reasonable basis upon which to formulate the question now being presented." *Id.* (citing *Gatewood v. United States*, 979 F.3d 391, 395 (6th Cir. 2020)). But Defendants' claims do not fit within this definition.

Here, prior to the *Snyder* ruling, there was a circuit split as to whether § 666 only criminalized bribes, not gratuities. *Snyder*, 603 U.S. at 10 (noting the circuit split); *compare United States v. Fernandez*, 722 F.3d 1, 26 (1st Cir. 2013), *with United States v. Abbey*, 560 F.3d 513, 520 (6th Cir. 2009). So this is an issue Kennedy and Vickers could have raised on appeal. *See, e.g., United States v. Alqsous*, No. 16-329, 2025 U.S. Dist. LEXIS 53459, at *62 (N.D. Ohio Mar. 24, 2025). And the fact that the Sixth Circuit was on the "wrong" side of the split did not render the claim futile because "futility cannot constitute cause if it simply means that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at

12

623 (quoting *Engle v. Isaac*, 456 U.S. 107 (1982)). Stated differently, "[a] claim cannot be rendered futile . . . based on lower-court precedent, even where the circuits are aligned against a particular legal argument. *Beasley*, 2024 U.S. App. LEXIS 13375, at *5–6 (citing *Gatewood*, 979 F.3d at 396). "Rather, a claim is futile only where the Supreme Court has 'decisively foreclosed' the argument." *Id*.

Thus, Defendants have failed to establish any cause that would excuse the procedural default. And the Court has already found that Defendants have failed to demonstrate actual innocence. So there is no basis to excuse their procedural default.

## VI.

Given these procedural deficiencies, the Court does not need to further address the merits. For these reasons, Defendants' motions to vacate (ECF Nos. 67, 72) are DENIED.

The Court further finds that reasonable jurists could not debate whether "the petition[s] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Kennedy and Vickers have not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is DENIED as to each motion.

IT IS SO ORDERED.

Dated: June 5, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
