Nos. 25-1707/1708

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Mar 4, 2026

KELLY L. STEPHENS, Clerk

JOHN F. KENNEDY [25-1707]; DANIEL S.          )
VICKERS [25-1708],                            )
                                              )
      Petitioners-Appellants,                 )
                                              )          O R D E R
v.                                            )
                                              )
UNITED STATES OF AMERICA,                     )
                                              )
      Respondent-Appellee.                    )


Before:  STRANCH, Circuit Judge.


      John F. Kennedy and Daniel S. Vickers, former federal prisoners proceeding pro se, appeal the district court's judgment denying their 28 U.S.C. § 2255 motions to vacate, set aside, or correct their sentences.  This court construes Kennedy's and Vickers's notices of appeal as applications for certificates of appealability (COA).  *See* Fed. R. App. P. 22(b)(2).  For the following reasons, the applications are denied.

      From 2017 through 2021, Detroit Police Department employees Kennedy and Vickers solicited cash, cars, car parts, and car repair services from Tower A, an individual involved in the towing industry.  In exchange, the two provided information related to an ongoing police investigation into Tower A's business.  Kennedy and Vickers later pleaded guilty to conspiracy to accept bribes, in violation of 18 U.S.C. §§ 371 and 666(a)(1)(B).  The district court sentenced Kennedy to 30 months' imprisonment and Vickers to 24 months' imprisonment.  They did not appeal.

      In 2025, Kennedy and Vickers filed these § 2255 motions.  Citing *Snyder v. United States*, 603 U.S. 1 (2024), they claimed that they are factually innocent and that their guilty pleas were

unknowing.  In *Snyder*, the Supreme Court held that § 666 prohibits state officials from accepting bribes—"anything of value from any person, intending to be influenced or rewarded for an official act." 603 U.S. at 5 (citation modified).  But the Court held that § 666 treats gratuities as more nuanced—some can be problematic, while "others are commonplace and might be innocuous." *Id.* at 5-6.  According to Kennedy and Vickers, they accepted gratuities—not bribes—and because they did not understand that § 666 criminalizes only bribes, they did not knowingly plead guilty. The district court denied Kennedy's and Vickers's § 2255 motions as (1) untimely, (2) barred by the collateral attack waivers in their plea agreements, and (3) procedurally defaulted.  *United States v. Kennedy*, No. 21-20650, 2025 WL 1592937, at *3-6 (E.D. Mich. June 5, 2025).  The court also declined to issue them a COA.  *Id.* at *7.

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, the applicant must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  When the district court's denial is based on a procedural ruling, the applicant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A defendant may waive his constitutional or statutory rights through a plea agreement, so long as the waiver is knowing and voluntary.  *Vowell v. United States*, 938 F.3d 260, 267 (6th Cir. 2019).  This includes the defendant's right to collaterally attack his sentence.  *Id*.  But the defendant retains the right to challenge a sentence that exceeds the statutory maximum.  *Id.*  This court will not enforce waivers if counsel performed deficiently, the government breached the agreement, or the waiver was premised on race discrimination.  *Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022).  And the district court must comply with Rule 11 of the Federal Rules of Criminal Procedure.  *Id.*

Nos. 25-1707/1708
- 3 -

Reasonable jurists would not debate the district court's conclusion that Kennedy's and Vickers's collateral attack waivers bar their § 2255 motions. In the plea agreements, above their signatures, Kennedy and Vickers certified that they read the plea agreement, reviewed it with counsel, understood it, and agreed to its terms. And in those agreements, Kennedy and Vickers each waived their right "to challenge his conviction or sentence by collateral review, including . . . on any grounds under 28 U.S.C. § 2255." They retained their right however to raise claims alleging ineffective assistance of counsel, prosecutorial misconduct, or relief permitted under 18 U.S.C. § 3582(c); but Kennedy and Vickers do not raise claims under any of these grounds. *See id*. Nor do they argue that the district court failed to comply with Rule 11. Rather, they argue that *Snyder*'s change in the law rendered their waiver unknowing.

Yet, that *Snyder* later differentiated between bribes and gratuities does not render their plea agreements unknowing. *See id.*; *see also United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017) ("It is well settled, however, that a change in law cannot render a plea agreement unknowing."). Their "lack of clairvoyance" does not undo their decision to plead guilty and knowingly waive their ability to mount a collateral attack. *Morrison*, 852 F.3d at 491 (citation modified). And the statutory-maximum exception to the collateral attack waiver provides no relief because that exception applies only to sentences that exceed the statutory maximum at the time of sentencing. *Portis*, 33 F.4th at 337. Kennedy's and Vickers's sentences did not. *See* §§ 371, 666(a). Reasonable jurists, therefore, would not debate the district court's decision.

For these reasons, Kennedy's and Vickers's COA applications are **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 03/04/2026.

**Case Name:**   Daniel Vickers v. USA
**Case Number:**   25-1708

**Docket Text:**
ORDER filed: Kennedy's and Vickers's certificate of appealability applications are DENIED. Jane Branstetter Stranch, Circuit Judge. [25-1708, 25-1707]

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. John F. Kennedy
965 RavineTerrence Court
Rochester, MI 48307

Mr. Daniel S. Vickers
9537 Warwick Street
Detroit, MI 48228

**A copy of this notice will be issued to:**

Ms. Eaton P. Brown
Ms. Kinikia D. Essix